UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARRY J. SMITH, SR.,

    Plaintiff,

v.                                    Case No. 19-cv-1001-pp

UNITED STATES CONGRESS,
and WISCONSIN LEGISLATURE,

    Defendants.

**ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 10)**

    This is the seventh case filed by the plaintiff in this district alleging violations of his constitutional rights based on his status as a convicted felon.

    On November 14, 2019, the court denied as moot the United States Congress's motion to consolidate cases, granted Congress's motion to dismiss, granted in part Congress's motion for an order precluding the plaintiff from initiating further *pro se* suits and dismissed the case. Dkt. No. 8. Less than a month after the court entered judgment, the plaintiff filed this motion to alter or amend that judgment. Dkt. No. 10. The court will deny the motion.

    The plaintiff filed his motion under Federal Rule of Civil Procedure 59(e); that rule allows a party to file a motion to "alter or amend a judgment" within twenty-eight days of the date judgment is entered. To prevail on a Rule 59(e) motion, a party must clearly establish "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of

1

judgment." Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013) (quoting Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012)). A "manifest error" is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "A 'manifest error' is not demonstrated by the disappointment of the losing party." Id.

The plaintiff timely filed his motion, but he has not identified any newly discovered evidence. He disagrees with the court's analysis, arguing that Congress is not "the Sovereign of the United States" and cannot regulate his ability to possess a firearm after he has served his sentence. Dkt. No. 10 at 3, 9. That disagreement does not constitute a "manifest error of law" that would require the court to alter or amend its judgment.

In its order dismissing the case, the court explained that it "agree[d] that it [did] not have jurisdiction to entertain any claims against the United States Congress" because Congress enjoys sovereign immunity. Dkt. No. 8 at 8. The court observed that the plaintiff had presented no evidence that Congress had waived that immunity. Id. The court also found that the plaintiff's claims against Congress were meritless. Id. at 10. As to his claims against the Wisconsin Legislature, the court concluded that "years of controlling case law mandate[d] the conclusion that [the claims were] plainly insubstantial and frivolous;" the court found them "so obviously frivolous that the court [could not] exercise subject-matter jurisdiction" and *sua sponte* dismissed the claims.

2

Id. at 17-19. Noting the likely application of *res judicata*, the court explained its determination that barring the plaintiff from filing further actions based on his status as either the descendant of slaves or as a convicted felon "would be a sanction narrowly tailored to address the specific abuse in which the plaintiff has engaged." Id. at 23-24.

The plaintiff has not shown that the court disregarded, misapplied or failed to recognize controlling precedent. Citing various constitutional amendments, he rehashes many of the arguments that he raised in his complaint and in opposition to the motions to dismiss. The court has considered and rejected those arguments. The plaintiff has not convinced the court that it committed a manifest error in law or in fact. There is no basis for the court to grant the plaintiff's motion to alter or amend the judgment.

The court **DENIES** the plaintiff's motion to alter or amend judgment. Dkt. No. 10.

Dated in Milwaukee, Wisconsin this 8th day of September, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
