UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

HONORABLE JUDGE PAMELA PEPPER

---

Barry J. Smith, Sr.,

    Plaintiff,

V.                                      Case No. 19-CV-1001

United States Congress,

and Wisconsin Legislature,

    Defendants.

---

MOTION FOR RELIEF FROM ORDER PURSUANT TO F.R.C.P. 60(b)(4)(6)

---

1.    F.R.C.P. 60(b)(4) grounds:        This motion is based on the irrefutable fact that this honorable court lacked subject-matter jurisdiction over Case No. 19-cv-1001, and therefore, its only judicial authority was to dismiss the complaint; the court had no judicial authority to judge the merits of the complaint. This honorable court's order granting Congress's motion to "to preclude the plaintiff from initiating further pro se suits,( Dkt. No. 5(III)), is void for lack of subject-matter jurisdiction. See page 1 of the subject order dated November 14, 2019. In its subject order, this honorable court stated "The United States Congress has asked the court to dismiss it as a defendant because it has not waived its sovereign immunity. Dkt. No. 5. The court agrees that it does not have jurisdiction to entertain any claims against the United States Congress. The plaintiff has presented no evidence indicating that the United States Congress has waived sovereign immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); Joseph v. Bd. Of

1

Regents of the Univ. of Wis. Sys., 432 F.3d 746, 748 (7th Cir. 2005). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Meyer, 510 U.S. at 475. "Sovereign immunity is jurisdictional in nature," id., which means that if the Congress has not waived sovereign immunity, this court does not have jurisdiction over the claim against it." See attached pages 8 and 9 of the subject order. At attached page 2 of the subject order, the court states: "The other defendant, the Wisconsin Legislature, has not appeared. Because the court finds that the plaintiff's claims against the legislature are obviously frivolous, the court will dismiss those claims sua sponte for lack of subject-matter jurisdiction." According to the attached page 21 of the subject order, this court stated, "The United States Congress's motion seeks only one sanction---a permanent bar to the plaintiff ever filing any pro se pleading in this district." At the attached page 24 of the court's order, the court states: "The court **ORDERS** that the plaintiff is **Barred** from filing any further pleadings or lawsuits in the Eastern District of Wisconsin bringing claims (in any form) arising out of his status as a descendant of slaves or his status as a convicted felon." According to F.R.C.P. 12 (h)(3) Lack of Subject-Matter jurisdiction. If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. A challenge to a federal court's subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). See Kontrick v. Ryan, 540 U.S. 443, 455 (2004)("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); Mansfield, Coldwater & Lake Mich. Rv. Co. v. Swan, 111 U.S. 379, 382 (1884)(holding that the nature and limits of federal judicial power require the court to raise the issue of subject-matter jurisdiction sua sponte). "[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying

2

claims." Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006). " '[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it. Mitchell v. Maurer, 293 U.S. 237, 244 (1934). See Juidice v. Vail, 430 U.S. 327, 331-332 (1977) (standing). 'And if the record discloses that the lower court was without Jurisdiction this court will notice the defect, although the parties make no contention concerning it. [When the lower federal court] lack[s] jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.' United States v. Corrick, 298 U.S. 435, 440 (1936)(footnotes omitted).'" Arizonan for Official English v. Arizona, 520 U.S. 43, 73 (1997), quoting Bender v. Williamsport Area School Dist., 475U.S. 534, 541 (1986) (brackets in original). Steel Co. v. Citizens for Better Env't, 523 U.S. 83 (1998). Although this court's order determined that it did not have subject-matter jurisdiction over the United States Congress, this court granted Congress's motion "for an order precluding plaintiff from initiating further pro se suits (DKT. NO. 5(III))." This honorable court was without authority to modify and grant Congress's motion to sanction plaintiff. ("For a court to pronounce upon the [merits] when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires."); State of Illinois v. City of Chicago, 137 F.3d 474, 478 (7th Cir. 1998) ("[A] court is not free to decide the merits when there is no justiciable controversy. Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further.") While the court has jurisdiction to determine its jurisdiction, it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction. United States v. Ruiz, 536 U.S. 622, 628 (2002); Steel Co. v. Citizens for a Better Envt, 523 U.S. 83, 94 (1998). A court's finding that it lacks jurisdiction over a matter serves as an immediate roadblock to proceeding with the case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist,

3

the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. 7 Wall. 506, 514, 19 L.Ed. 264 1868). As a natural extension of this, a court cannot decide the merits of a case once it discovers that it lacks jurisdiction. See Steel Co., 523 U.S. at 101-02 ("For a court to pronounce upon the meaning or the constitutionally of a state or federal law when it has no jurisdiction to do is, by very definition, for a court to act ultra vires.); Meyers v. Oneida Tribe of Indians of Wisconsin, 836 F.3d 818, 821 (7th Cir. 2016). This court was without jurisdiction, in Case No. 19-cv-1001, over defendant United States Congress and was, therefore, without jurisdiction to grant its motion to prohibit plaintiff from initiating further pro se suits; that order is void and must be vacated.

2. F.R.C.P. 60(b)(6) grounds: In this court's order dismissing case number 19-cv-1001, this court states "The plaintiff asserts that his conviction and sentence for threatening Judge Reynolds violated the Thirteenth Amendment." See page 10 of the court's attached order. The complaint in case number 19-cv-1001, at page 1, clearly states: "Plaintiff was sentenced pursuant to the United States Constitution's Thirteenth Amendment." See attached complaint at page 1. This does not claim that the subject sentence violated the Thirteenth Amendment. It is not subject to dispute that a Thirteenth Amendment sentence is a sentence to government slavery, which slavery absolutely ends when the subject sentence has been served, discharged and expired. Plaintiff, by having completely served the judicial sentence in question, is entitled to emancipation from government slavery: Pursuant to the Thirteenth Amendment "Plaintiff is, therefore, entitled to complete restoration of his citizenship." See Attached copy of Thirteenth and Fourteenth amendmenmts. Nevertheless, defendants have chosen to continue to punish plaintiff and "deprive plaintiff of those citizenship rights it does not want him to have..." See case number 19-cv-1001 attached complaint at page 2. By refusing to restore plaintiff's full and

4

unabridged American citizenship rights, in violation of plaintiff's Fourteenth amendment right to Equal Protection of the Law, defendants are subjecting plaintiff, a direct descendant of American slaves, to the rule of law pronounced by the UnitedStates Supreme Court in the Dred Scott case. The case in which The United States Supreme Court held that descendants of Africans who were imported into the country, and sold as slaves,were not included nor intended to be included under the word "Citizens" in the Constitution, whether emancipated or not, and remained without rights or privileges except such as those which the government might grant them. Dred Scott v. Sanford, 60 U.S. (19 How.) 393, 15 L.Ed. 691." See page 2 of attached subject complaint. This court states, at page 24 of its attached order: "The court **ORDERS** that the plaintiff is **BARRED** from filing any further pleadings or lawsuits in the Eastern District of Wisconsin bringing claims (in any form) arising out of his status as a descendant of slaves...." Plaintiff must respectfully remind this honorable court that "descendants of slaves" are an ethnic group, we share the fact that we are descended from American slaves, we share the fact that American slave culture remains a dominate element of our culture, and we share the ongoing social, economic and judicial persecution against us in America; the only country we have ever known. There are many American laws that forbid such persecution against us; nevertheless, this honorable court has ordered that plaintiff cannot claim the protection of such Constitutional Amendments and statutes.

An example of plaintiff being persecuted by the American judicial system: On September 22, 2020 plaintiff filed case number 20-CV-1482. See attached copy of case number 20-CV-1482. This complaint sought to enforce plaintiff's employment contract with defendants pursuant to the 1938 federal fair labor standards act. On November 17, 2020 the Honorable Judge Joseph Peter Staudtmueller dismissed case number 20-cv-1482 without prejudice, based on this court's order: "The court **ORDERS** that the plaintiff is **BARRED** from filing any further pleadings or lawsuits in the Eastern District of Wisconsin bringing claims (in any

5

form) arising out of his status as a descendant of slaves...." See page 24 of this court's attached order. Judge Stadtmueller, in fact, directly quoted that order at page 1 of his November 17, 2020 order dismissing plaintiff's case number 20-cv-1482. Judge Stadtmueller further stated at page one of subject order: "In the present case before this court, Smith alleges that his claims arise out of his status as a descendant of slaves. Accordingly, this action as to Smith will be dismissed without prejudice." See attached November 17th, 2020 order of Judge Stadtmueller, at page 1, dismissing case number 20-cv-1482 without prejudice. Plaintiff, in response to Judge Staudtmueller's subject order, filed a motion to amend his complaint with attached proposed Amendment. In his F.R.C.P. Rule 59(e) motion to reopen the case and allow his amendment pursuant to F.R.C.P. Rule 15(a)(2), plaintiff removed the words "Black descendant of American slaves and replaced them with "American Negro". See attached November 24, 2020 filed Rule 59(e) motion and proposed amendment of complaint at page 2. To verify for the court that plaintiff is, in fact, an American Negro, plaintiff attached an official copy of his Birth Certificate. Judge Stadtmueller denied plaintiff's subject motion by stating: " Plaintiffs replace the phrase "Black descendants of American slaves" with "American Negro." (Docket #20-1). Plaintiff's may not circumvent Smith's restricted –filer status by replacing the violating phrase but maintaining its spirit. Thus, for the reasons stated in its order dismissing this action (Docket #18), the court will deny Plaintiff's motion." See attached subject order at page 1. Did this court intend to bar plaintiff from filing any pleadings or lawsuits in the Eastern District of Wisconsin bringing claims (in any form) arising out of his status as an American Negro? Never, since the ratification of the Thirteenth and Fourteenth Amendments, has the federal judiciary barred a citizen from filing any further pleadings or law suits, based on the citizen's race. If this court intended to bar plaintiff filing case number 20-cv-1482 based solely on his race, that would be unlawful subjective judicial persecution; that is prohibited, among other laws, by the Due Process of Law clauses of the Fifth and Fourteenth Amendments. If this court did not intend

6

that result, it should immediately reverse its restricted-filer order. "The government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right. Marbury v. Madison, 5 U.S. 137 (1803).

Date: July 7, 2022.　　　　　　　　　　By: _____

Barry J. Smith Sr. pro se

3124 W. Silver Spring Drive

Milwaukee WI　53209

414-315-3913

CERTIFICATE OF SERVICE:

| Assistant United States Attorney | WI AG Josh Kaul |
|---|---|
| 517 East Wisconsin Ave, Room 530 | State Capitol Room 114 East |
| Milwaukee, WI 53202 | Madison, WI 53702 |

All parties required to be served are served.

Date: July 8, 2022.　　　　　　　　　　By: _____

Barry J. Smith Sr. pro se