UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARRY J. SMITH, SR.,

    Plaintiff,

v.                                              Case No. 19-cv-1001-pp

UNITED STATES CONGRESS,
and WISCONSIN LEGISLATURE,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 27)**

On July 15, 2019, the plaintiff, representing himself, filed a civil rights complaint against the United States Congress and the Wisconsin Legislature. Dkt. No. 1. He alleged that his 1990 conviction for threatening the life of a federal judge subjected him to unconstitutional slavery or involuntary servitude in violation of the Thirteenth Amendment. Id. He also asserted claims under the Second and Fifteenth Amendments. Id. at 2. The court dismissed the complaint and granted in part a motion by the United States Congress to prohibit the plaintiff from initiating further *pro se* lawsuits. Dkt. No. 8 at 24-25. The court's order barred the plaintiff from "filing any further pleadings or lawsuits in the Eastern District of Wisconsin bringing claims (in any form) arising out of his status as a descendant of slaves or his status as a convicted felon." Id.

1

After the court entered judgment on November 14, 2019, dkt. no. 9, the plaintiff timely filed a motion to alter or amend the judgment under Rule 59(e), dkt. no. 10. The court denied that motion. Dkt. No. 14.

The plaintiff now has filed a motion for relief under Federal Rules of Civil Procedure 60(b)(4) and (6). Dkt. No. 27. The court will deny this motion; it is both untimely and states no basis for relief.

I. **Motion for Relief from Judgment Under Rule 60(b)**

The Seventh Circuit has explained that parties seeking relief under Rule 60(b) face a high bar:

> Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Eskridge* [*v. Cook Cty.*], 577 F.3d [806,] at 809 [(7th Cir. 2009)] (affirming denial of Rule 60(b) motion), quoting *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (quotation marks omitted). The district court may grant Rule 60(b) relief only "under the particular circumstances listed in the text of the rule." See *Russell*, 51 F.3d at 749. Rule 60(b) motions are not meant to correct legal errors made by the district court. See *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017-18 (7th Cir. 2002).

3SM Realty & Development, Inc. v. F.D.I.C., 393 F. Appx. 381, 384 (7th Cir. 2010). Rule 60(b) allows a court to grant relief from judgment for six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Any motion under Rule 60(b) must be filed within a reasonable time, and for reasons (1), (2) and (3), the party must file the motion no more than a year after entry of the judgment or order the party asks the court to reconsider. Fed. R. Civ. P. 60(c)(1). The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). The court entered judgment on November 14, 2019, over two and a half years prior to the date on which the plaintiff filed this motion. See dkt. nos. 8-9.

The plaintiff did not cite Rules 60(b)(1), (2) or (3), so he was not required to bring his motion within one year of the date the court entered judgment. But even motions brought under Rules 60(b)(4) and (6) must be filed "within a reasonable time." Nowhere in his seven-page motion does the plaintiff explain why he waited over two and a half years to file this motion, or why he first filed a Rule 59(e) motion and then filed this Rule 60(b) motion only after the court denied his earlier motion to reconsider. Two and a half years is not a "reasonable time" within which to file a second motion to reconsider, particularly given the plaintiff's arguments.

Under Rule 60(b)(4), which allows the court to grant relief from a void judgment, the plaintiff argues that the court lacks subject-matter jurisdiction over his case. Dkt. No. 27 at 1. According to the plaintiff, because the court lacked subject-matter jurisdiction, its order precluding the plaintiff from initiating further *pro se* suits is void. Id. The court concluded that it did not have subject-matter jurisdiction over the plaintiff's claim against the Wisconsin legislature because that claim was wholly insubstantial and frivolous. Dkt. No.

3

8 at 14-19. That does not mean that the court does not have subject-matter jurisdiction to prohibit abusive filing practices; the court explained in its order that the All Writs Act gives courts the inherent power to issue pre-filing orders against vexatious litigants. Id. at 19-20. The plaintiff's Rule 60(b)(4) argument has no merit.

The plaintiff also seeks relief from judgment under Rule 60(b)(6), which allows the court to grant relief from judgment "for any other reason" that justifies relief. The plaintiff points to a single line from the court's decision which he believes is an inaccurate depiction of his claim. Dkt. No. 27 at 4. The plaintiff asserts that in his complaint, he alleged that he was "sentenced pursuant to the United States Constitution's Thirteenth Amendment." Dkt. No. 27 at 4. He quotes the court's decision, in which it stated that "[t]he plaintiff asserts that his conviction and sentence for threatening Judge Reynolds violates the Thirteenth Amendment." Id. (citing Dkt. No. 8 at 10). The plaintiff is correct—he did not claim that his conviction and sentence violated the Thirteenth Amendment, and the court's statement was inartful. The plaintiff alleged that he was sentenced "pursuant" to the Thirteenth Amendment. He asserts that "it is not subject to dispute that a Thirteenth Amendment sentence is a sentence to government slavery, which slavery absolutely ends when the subject sentence has been served, discharged, and expired." Dkt. No. 27 at 4. In fact, it *is* subject to dispute that there is even such a thing as a "Thirteenth Amendment" sentence. As the court explained, the Supreme Court held as long ago as 1883 that while the Thirteenth Amendment abolishes slavery and

4

involuntary servitude, it has an exception for a person duly convicted and punished for a crime. Dkt. No. 8 at 10. The plaintiff was duly convicted and punished for a federal crime, so his conviction and sentence were exceptions to the Thirteenth Amendment's prohibition against slavery and involuntary servitude. There is no basis for the court to grant the plaintiff relief from the judgment under Rule 60(b)(6).

The court **DENIES** the plaintiff's motion for relief from judgment. Dkt. No. 27.

Dated in Milwaukee, Wisconsin this 16th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**